[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a rehearing of the claim for damages resulting from the reversal of a prior judgment on a hearing in damages. See DiNapoli v. Doudera, 28 Conn. App. 108 (1992).
This is an action by a lessor of a residential house located at 21 Brainard Road, West Hartford claiming damages caused by the action of the lessee while the lessee was in possession of the premises.
We note from the file that the defendant was represented by counsel who filed an appearance on August 26, 1988. An answer was filed by the defendant to plaintiff's complaint. A claim for jury trial was filed by the defendant CT Page 7987 on July 10, 1989. Counsel for the defendant was permitted to withdraw his appearance for the defendant. The defendant filed a pro se appearance on February 21, 1990 and again on July 17, 1992. The defendant, having her pro se appearance in the file, failed to attend the hearing in damages scheduled on August 17, 1992.
The facts of this case are adequately set forth in the appellate court decision. Id.
The testimony presented to this court and the photo exhibits introduced show that the defendant left the premises in a mess. Clothes, boxes, paper and trash were strewn about the premises. Damage to the premises, and costs are substantially set out in plaintiff's affidavit dated May 17, 1989 in the court file. These damages are supported by the testimony of the plaintiff and the various exhibits introduced at the hearing. The total damage, as claimed by plaintiff, is set forth in plaintiff's exhibit E, and total $10,248.87.
Plaintiff is also entitled to the sum of $1000 for use and occupancy from April 16, 1989 to May 5, 1989. The plaintiff is also entitled to loss rental value of the premises for two months due to the need for repair and cleaning to the premises for a total of $3000 ($1500 x2).
The plaintiff is also entitled to the following estimated repairs that are reasonable and probable.
1. Replacement of kitchen floor $2246.00
2. Replacement of counter tops $1025.00
We disallow the estimated costs of $8500.00 to replace all of the carpeting in the house. The plaintiff paid for extensive carpet cleaning which is included in the court's finding of damages. Plaintiff leased the premises to new tenants in 1989. To this date, the carpet has not been replaced. The plaintiff has not sustained her burden of proof that the carpeting, as of this date, should be removed and replaced after three years of use subsequent to the defendant's eviction from the premises.
Plaintiff also seeks attorney fees in the amount of $25,000. A major portion of the claim for attorney fees is related to the appeal to the Appellate Court, and not therefore related to any action by the defendant. The lease between the plaintiff and the defendant contains a provision that attorney fees will not exceed 15% of the amount of any judgment obtained by the plaintiff against the defendant. CT Page 7988
After considering the foregoing we find that the plaintiff is entitled to damages in the amount of $17,519.87 less the security deposit of $5,250.00 for $12,269.87 plus 15% attorney fees of $1840.00 plus Sheriff's costs of $1317.00. No interest is awarded.
Arnold W. Aronson, J.